John Heenan
BISHOP & HEENAN
1631 Zimmerman Trail
Billings, MT 59102
T: (406) 839-9091
F: (406) 839-9092
John@heenanlawfirm.com

Keith J. Keogh
*To Be Admitted Pro Hac*
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, Illinois 6060.
P: 312-726-1092
F: 312-726-1093
Keith@KeoghLaw.com

ATTORNEYS FOR PLAINTIFFS AND THE CLASS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JOEL HAGEMAN and STEPHAN DALE, on behalf of themselves and all other s similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T CORP., AT&T, INC., and AT&T WIRELESS DATA, INC. <br><br> Defendants. | Case No. <br><br> **Complaint and Jury Demand** |

## CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

Plaintiffs Joel Hageman ("Hageman") and Stephan Dale ("Dale"), individually and on behalf of all others similarly situated, allege as follows:

## NATURE OF ACTION

1. Plaintiffs Joel Hageman ("Hageman") and Stephan Dale ("Dale") bring this actionfor damages, and other legal and equitable remedies, resulting from the illegal actions of defendant AT&T Corp. ("AT&T" or "Defendant") in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

2. "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 742 (2012) (internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiffs file the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused consumers actual injury in fact, not only because Plaintiffs and the putative class were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA).

5. Venue is proper in the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1391(b)-(c) and 1441(a)because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

**PARTIES**

6. Plaintiff Hageman is, and at all times mentioned herein was, an individual citizen of the State of Montana.

7. Plaintiff Dale is, and at all times mentioned herein was, an individual citizen of the State of Montana.

8. AT&T is, and at all times mentioned herein was, a New York corporation that maintains its headquarters at 208 S. Akard St., Dallas, TX 75202.

9. AT&T is the largest communications holding company in the world by revenue. AT&T does substantial business throughout the country, including placing telephone calls in this District.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
(TCPA), 47 U.S.C. § 227 *et seq*.**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## **FACTUAL ALLEGATIONS**

13. Plaintiff Hageman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff Hageman has never had an account with AT&T. Hageman has not conducted any business with AT&T, nor did he have any prior business relationship with AT&T. Moreover, Hageman has never made telephonic contact with AT&T such that AT&T would have permission or consent to contact him.

15. Notwithstanding the fact that Plaintiff Hageman did not provide AT&T with his cellular number, AT&T repeatedly contacted Hageman via pre-recorded messages on his cellular telephone.

16. Hageman received over fifty-three (53) calls on his cellular phone in under two years. Hageman avers that all calls occurred within four years of filing this action.

17. Hageman received numerous telephone calls that he did not answer which resulted in pre-recorded messages being left as voicemails on his answering machine. At least three of these many messages were identical, beginning with a pause and proceeding with identical language in the same voice:

> This is an important message from AT&T to discuss your wireless service. Please return our call at 1-800-947-5096. You may also access your account online at www.att.com/mywireless. Again, our number is 1-800-947-5096 or 611 from your wireless phone. Thank you for using AT&T.

18. The content of these three identical messages was not limited to a specific person, phone number, or account.

19. During this time period, Hageman called AT&T Wireless three or four times to inform them that he is not an AT&T customer and to request that the calls cease.

20. Even after contacting AT&T, it has continued to call Hageman's cellular telephone and leave these messages.

21. All telephone contact by AT&T to Hageman on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

22. The telephone calls placed by AT&T to Hageman's cellular telephone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).21.

23. The telephone number that AT&T used to contact Hageman, with a "prerecorded voice" was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24. AT&T did not make telephone calls to Hageman's cellular phone "for emergency purposes" as described in 47 U.S.C. § 227(B)(1)(A).

25. Plaintiff Dale is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

26. Plaintiff Dale has never had an account with AT&T. Dale has not conducted any business with AT&T, nor did he have any prior business relationship with AT&T. Moreover, Dale has never made telephonic contact with AT&T such that AT&T would have permission or consent to contact him.

27. Notwithstanding the fact that Plaintiff Dale did not provide AT&T with his cellular number, AT&T repeatedly contacted Dale via an automatic dialing system on his cellular telephone. Dale received numerous calls on his cellular phone. Dale avers that the calls occurred within four years of filing this action.

28. Each phone call from AT&T begins with a pause before Dale is connected with a live person.

29. All telephone contact by AT&T to Dale on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

30. The telephone number that AT&T used to contact Dalevia an automatic dialing system was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. Dale never otherwise provided express consent to receive prerecorded phone calls by AT&T on his cellular telephone.

32. AT&T did not make telephone calls to Dale's cellular phone "for emergency purposes" utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," as described in 47 U.S.C. § 227(B)(1)(A).

33. AT&T is, and at all times mentioned herein was, a company and a "person", as defined by 47 U.S.C. § 153(39).

34. Under the TCPA, the burden is on AT&T to demonstrate that Plaintiffs and the class members provided express consent within the meaning of the statute, because there is a question as to whether express consent was ever provided and it is the best entity to determine how such consent was attained.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated ("the Class").

36. Plaintiffs propose the following class definition, subject to amendment as appropriate:

   a. All persons within the United States to whose cellular telephone number;

   b. AT&T or an entity on its behalf, placed a non-emergency telephone call;

   c. through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

   d. within four years prior to filing this lawsuit;

   e. where AT&T cannot show that the person provided prior express consent for such calls.

37. Plaintiffs represent and are members of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

38. Plaintiffs do not know the exact number of members in the Class, but based upon the size of AT&T and the fact that it used a calling campaign to leave pre-recorded messages, Plaintiffs reasonably believe that Class members number at minimum in the tens of thousands.

39. Plaintiffs and all members of the Class have been harmed by the acts of AT&T not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

40. This Class Action Complaint seeks money damages and injunctive relief.

41. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by AT&T.

42. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether AT&T made nonemergency calls to Plaintiffs and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

   b. Whether AT&T can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

   c. Whether AT&T's conduct was knowing and/or willful;

   d. Whether AT&T is liable for damages, and the amount of such damages; and

   e. Whether AT&T should be enjoined from engaging in such conduct in the future.

43. As consumers who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class member. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and they have no interests that are antagonistic to any member of the Class.

44. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel AT&T to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against AT&T is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephone.

46. AT&T has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT: NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.*

47. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

48. The foregoing acts and omissions of AT&T constitute numerous and multiple negligent violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

49. As a result of AT&T's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

9

50. Plaintiffs and Class members are also entitled to and do seek injunctive relief prohibiting AT&T's violation of the TCPA in the future.

51. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against Defendant:

    A.    As a result of AT&T's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member the greater of $500.00 in statutory damages or actual damages for each and every call that violated the TCPA;

    B.    Injunctive relief prohibiting such violations of the TCPA by AT&T in the future;

    C.    An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

    D.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

    E.    Such other relief as the Court deems just and proper.

**SECOND COUNT: KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMERPROTECTION ACT, 47 U.S.C. § 227 *et seq*.**

52. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

53. The foregoing acts and omissions of AT&T constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

54. As a result of AT&T's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

55. Plaintiffs and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by AT&T in the future.

56. Plaintiffs and Class members are also entitled to an award of attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs and all Class members the following relief against Defendant:

A. As a result of AT&T's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member the greater of treble damages, as provided by statute, of up to $1,500.00 or actual damages for each and every call that violated the TCPA;

B. Injunctive relief prohibiting such violations of the TCPA by AT&T in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiffsare proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

E. Such other relief as the Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 9th day of April, 2013.

                                      Respectfully Submitted,

                                      /s/:*John Heenan*
                                      John Heenan
                                      HEENAN LAW FIRM
                                      1631 Zimmerman Trl, Ste 1
                                      Billings, MT 59102
                                      Telephone: (406) 839-9091
                                      Facsimile: (406) 839-9092
                                      John@heenanlawfirm.com

                                      Keith J. Keogh (IL Bar No. 6257811)
                                      To Be Admitted Pro Hac
                                      KEOGH LAW, LTD.
                                      55 W. Monroe, Ste. 3390
                                      Chicago, Illinois 6060.
                                      P: 312-726-1092
                                      F: 312-726-1093
                                      Keith@KeoghLaw.com

                                      ATTORNEYS FOR PLAINTIFFS AND
                                      THE CLASS