John Heenan
BISHOP & HEENAN
1631 Zimmerman Trail
Billings, MT 59102
T: (406) 839-9091
F: (406) 839-9092
John@bishopandheenan.com

Keith J. Keogh
*To Be Admitted Pro Hac*
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, Illinois 6060.
P: 312-726-1092
F: 312-726-1093
Keith@KeoghLaw.com

ATTORNEYS FOR PLAINTIFFS AND THE CLASS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JOEL HAGEMAN and STEPHAN DALE, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CV-13-50-DLC-RWA ) ) |
| AT&T MOBILITY LLC, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

## INTRODUCTION

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, hereby respectfully move the Court for an Order certifying the Rule 23 Class as defined in Plaintiff's Complaint, or such other classes or subclasses as may be appropriate.

However, for the reasons stated herein, Plaintiffs also respectfully request the Court defer briefing, hearings, and any ruling on this motion until such time as the parties have had an adequate opportunity to conduct discovery and submit appropriate memoranda of law on the issue of class certification.

## FACTUAL BACKGROUND

Plaintiffs bring this case under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* as a class action on behalf of themselves and all others similarly situated. *See* ECF No. 1. The parties in this matter have not discussed settlement. Defendant has not made any settlement offers, nor have Plaintiffs made any settlement demands. No offers of judgment have been made or filed.

## ARGUMENT

The law in the Ninth Circuit indicates that class claims cannot be mooted by individual settlement offers. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011). Yet, some district courts and some Circuit courts, such as the Seventh Circuit, have opined that an offer of settlement can moot a putative class representative's claims in the event that the class representative has not moved for class certification as of the time the settlement offer is made. *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Nevertheless, because a similar issue relating to a collective action is currently before the Supreme Court of the United States in

*Genesis Healthcare v. Symczyk*, No. 11-1059[1], Plaintiff files this motion in an abundance of caution in order to safeguard the interests of the putative class.

The Seventh Circuit's opinion in conjunction with the pending Supreme Court ruling presents a dilemma for plaintiffs as to how a plaintiff can avoid being "picked off" by a defendant seeking to evade class-wide liability. The Seventh Circuit termed this dilemma the "buy-off problem." *Damasco*, 662 F.3d at 896. The Seventh Circuit also provided what it termed a "simple solution" to this problem. *Id*. Specifically, the court stated that proposed class representatives should "move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id*. In recognition of the fact that motions for class certification often require extensive discovery and investigation, the court further suggested that the plaintiff "also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

In light of the above and Plaintiffs desire to certify a class in this matter, Plaintiffs respectfully request that the Court grant this motion. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable timeline for the briefing of the class certification motion.

---

[1] The issue of whether a collective action brought under the Fair Labor Standards Act ("FLSA") becomes moot when the defendant serves a Rule 68 offer on the putative representative is currently before the United States Supreme Court. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189 (3d Cir. 2011) *cert. granted*, 133 S. Ct. 26 (U.S. 2012). However, the issue in *Symczyk* is mootness in the context of a FLSA collective action, not a Rule 23 class action. The Court's decision, therefore, may or may not apply here.

As shown below, it is apparent from the information already known that this case is suitable for class treatment. Because the case is still in its infancy, Plaintiffs have requested leave to file a memorandum in support of class certification.

**THE CLASS SATISFIES THE REQUIREMENTS FOR CLASS CERTIFICATION**

Plaintiffs propose the following class definitions, subject to amendment as appropriate:

a. All persons within the United States to whose cellular telephone number;

b. AT&T or an entity on its behalf, placed a non-emergency telephone call;

c. through the use of an automatic telephone dialing system or an artificial or prerecorded voice;

d. within four years prior to filing this lawsuit;

e. where AT&T cannot show that the person provided prior express consent for such calls.

**A.     NATURE OF THE CASE**

In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are

prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

On January 4, 2008, the FCC released a Declaratory Ruling wherein it ruled that the burden is on AT&T to demonstrate that Plaintiffs provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

### B. RULE 23 IS SATISFIED

All requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied in the class. The class is so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a)(1). AT&T clearly created a calling campaign to call wireless users with a prerecorded message. This fact alone indicates numerosity as companies of AT&T's size do not create prerecorded messages unless they are trying to reach a large number of persons. The fact that two unrelated plaintiffs received the same message supports plaintiffs' position.

At this point, it is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517, 1997 WL 139472, at *2 (N.D.Ill. March 25, 1997) (quoting *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination ... Where the exact size of the class is unknown, but it is general knowledge

or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1992), §7.22.A.

There are questions of fact or law common to the class, which predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(a)(2), Fed. R. Civ. P. 23(a)(3). These common questions include:

> A. Whether Defendant made calls to cellular telephones with an autodialer or artificial or prerecorded voice; and
>
> B. Whether Defendant's conduct was knowing or willful.

Plaintiffs will fairly and adequately protect the interests of the members of the class. Fed. R. Civ. P. 23(a)(4). Plaintiffs have no conflicting interests with the class and is seeking relief on behalf of members of the class. Plaintiffs have retained counsels who are experienced in pursuing class actions on behalf of consumers under the TCPA. Copies of counsels' affidavits are attached hereto as *Exhibit 1, 2* and *3*.

A class action is a superior method for the fair and efficient adjudication of this case. Fed. R. Civ. P. 23(b)(3). The claims brought by Plaintiffs are shared by hundreds, if not thousands, of consumers. Fed. R. Civ. P. 23(a)(3). The resolution of all claims held by members of the classes in a single proceeding would promote judicial efficiency. Furthermore, members of the class may not be aware of their rights under the law to recover for Defendant's practices.

WHEREFORE, Plaintiffs respectfully requests that this Court enter and continue this motion until Defendant responds to class discovery, grant Plaintiffs leave to file a memorandum of law in support of class certification and subsequently an order certifying the class.

DATED this 5th day of June, 2013.

                              Respectfully Submitted,

                              /s/:*John Heenan*
John Heenan
HEENAN LAW FIRM
1631 Zimmerman Trl, Ste 1
Billings, MT 59102
Telephone: (406) 839-9091
Facsimile: (406) 839-9092
John@bishopandheenan.com

Keith J. Keogh (IL Bar No. 6257811)
To Be Admitted Pro Hac
KEOGH LAW, LTD.
55 W. Monroe, Ste. 3390
Chicago, Illinois 6060.
P: 312-726-1092
F: 312-726-1093
Keith@KeoghLaw.com

ATTORNEYS FOR PLAINTIFFS AND THE CLASS