# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOEL HAGEMAN,<br>on behalf of himself and others<br>similarly situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>AT&T MOBILITY LLC,<br><br>                Defendant. | CV-13-50-DLC-RWA<br><br>**[PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT** |

**WHEREAS,** on _____, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (Dkt. # ___);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS,** a Final Approval Hearing was held on _____, 201____. Prior to the Final Approval Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order.  Class Members were therefore notified of their

1

right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of Attorney's Fees and Costs to Class Counsel, and the payment of the Incentive Award.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and counsel for AT&T Mobility LLC ("ATTM"), having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate and reasonable, having considered the Attorney's Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

4.     The Court has considered all objections to the Settlement, including the objections of _____. The Court finds these objections do not counsel against Settlement approval and they are hereby overruled.

5.     The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

6.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> all persons who, during the Class Period, received one or more Calls made by ATTM or an OCA on behalf of ATTM on their cellular telephone, where (a) the person was not an ATTM customer at the time of the call and (b) the cellular telephone number was listed as a can-be-reached number on two or more ATTM accounts that are not related by name, address, or other personal identifying information.

The Court has been informed that there are approximately 16,000 unique telephone numbers associated with the Settlement Class. Excluded from the Settlement Class are the following: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any OCA covered by the Settlement Agreement, as well as any parent, subsidiary, affiliate, or control person of such OCAs and the officers, directors, agents, servants or employees of such OCAs; and (4) the immediate family of any such person(s).

7.     The Court finds that the plan for Notice, set forth in Article IV, section 3 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, provided due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the Final Approval Hearing, and

satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

8.  The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Settlement Class, and is therefore approved.

9.  All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. Within the time period set forth in Article III, section 3 of the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged ATTM and all OCAs from all claims that were or could have been asserted in the Action, as specified in Article V of the Settlement Agreement.

12. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or

arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

13.     The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the Calls.

14.     The Final Approval Order and Judgment, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission by or against ATTM of any fault, wrongdoing, or liability on the part of ATTM or of the validity or certifiability for litigation of any claims relating to the Calls or of the existence or amount of any damages.

15.     The Court hereby grants Class Counsel's request for an award of reasonable Attorney's Fees and Costs in the amount of $_____.  The Court further grants Class Counsel's application for an Incentive Award for Joel Hageman in the amount of $_____.  These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

16.     The above-captioned Action is hereby dismissed in its entirety with prejudice.  Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees.  Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

DATED this ___ day of _____, 2014.

By _____
Richard W. Anderson
U.S. Magistrate Court Judge