# **EXHIBIT 4**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOEL HAGEMAN, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AT&T MOBILITY LLC, <br><br> Defendant. | CV-13-50-DLC-RWA <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING SETTLEMENT CLASS; APPROVING NOTICE; AND SETTING DATE FOR FINAL APPROVAL HEARING** |

**WHEREAS,** Plaintiff and Defendant AT&T Mobility LLC ("ATTM") have reached a proposed settlement and compromise of the dispute between them and other similarly situated individuals in the Action, which is set forth in the Settlement Agreement filed with the Court; and

**WHEREAS,** Plaintiff and Defendant have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS,** the Court has fully considered the record of these proceedings, the Settlement Agreement and all exhibits thereto, the representations, arguments and recommendation of counsel for the Parties and the requirements of law; and

**WHEREAS,** it appears to the Court upon preliminary examination that the proposed Settlement is fair, reasonable and adequate, and that a hearing should be held after notice to the Settlement Class of the proposed Settlement to finally determine whether the proposed

1

Settlement is fair, reasonable and adequate and whether a Final Approval Order and Judgment should be entered in this Action.

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court preliminarily approves the Settlement Agreement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting notice of the Settlement to persons in the Settlement Class for their consideration and a hearing on the approval of the Settlement.

3. The Settlement Agreement was entered into by experienced counsel and only after extensive arm's-length negotiations involving mediation before the Hon. Morton Denlow, an experienced mediator who served as a Magistrate Judge for the United States District Court for the Northern District of Illinois before his retirement from the federal bench.

4. For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, which consists of:

> all persons who, during the Class Period, received one or more Calls made by ATTM or by an OCA on behalf of ATTM on their cellular telephone, where (a) the person was not an ATTM customer at the time of the call and (b) the cellular telephone number was listed as a can-be-reached number on two or more ATTM accounts that are not related by name, address, or other personal identifying information.

The Court has been informed that there are approximately 16,000 unique telephone numbers associated with the Settlement Class. Excluded from the Settlement Class are the following: (1) any trial judge that may preside over this case; (2) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant, and the officers, directors, agents, servants or employees of Defendant; (3) any OCA covered by the Settlement Agreement, as well as any parent,

subsidiary, affiliate, or control person of such OCAs and the officers, directors, agents, servants or employees of such OCAs; and (4) the immediate family of any such person(s).

    5.    The Court preliminary finds, for Settlement purposes only, that:

    a.    The above-described Settlement Class is so numerous that joinder of all members is impracticable;

    b.    There are questions of law or fact common to the Settlement Class;

    c.    The claims of the Settlement Class Representative are typical of the claims of the Settlement Class;

    d.    The Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class;

    e.    The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

    f.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

    6.    The Court finds that it has personal jurisdiction over all Class Members, including the absent Class Members.

    7.    The Named Plaintiff, Joel Hageman, shall be the Settlement Class Representative of the Settlement Class. This Court preliminarily finds that he will fairly and adequately represent and protect the interests of the absent Class Members.

    8.    The Court approves the law firms of Bishop and Heenan, Keogh Law, Ltd., and Bingham and Lea, P.C. as settlement Class Counsel. This Court preliminarily finds that they are competent, capable of exercising all responsibilities as Class Counsel and will fairly and adequately represent and protect the interests of the absent Class Members.

9. The court approves KCC to serve as the Settlement Administrator in this Action.

10. A Final Approval Hearing shall be held before this Court at _____ on _____, 201____, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate and whether the Final Approval Order and Judgment should be entered; and (b) whether Class Counsel's Attorney's Fees and Costs application and the Incentive Award for Named Plaintiff should be approved.  Papers in support of final approval of the Settlement, the Incentive Award to Named Plaintiff, and Class Counsel's Attorney's Fees and Costs application shall be filed with the Court according to the schedule set forth in Paragraph 19 below.  The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.  After the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Class Members with respect to the Released Rights being settled.

11. The Court approves, as to form and content, the use of a Claim Form, written Notice, and publication notice substantially similar to the forms attached as Exhibits 1, 3, and 5 to the Settlement Agreement, respectively.  Written Notice will be provided to members of the Settlement Class by first-class U.S. mail using ATTM's records of telephone numbers it placed Calls to and/or that an OCA acting on its behalf placed Calls to, as well as a reverse look-up process and other investigations deemed appropriate by the Settlement Administrator, updated by the Settlement Administrator in the normal course of business.  All Notices shall be mailed within 30 days of the date of entry of this Preliminary Approval Order.  No later than five business days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration attesting to compliance with this Order.

12. The cost of Notice and settlement administration shall be paid from the Settlement Fund, as provided for in the Settlement Agreement.

13. The Notice, as directed in this Order, constitutes the best notice practicable under the unique circumstances of this case and is reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action and of their right to object to the Settlement or exclude themselves from the Settlement Class. The Court further finds that the Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive such notice and that it meets the requirements of due process and of Federal Rule of Civil Procedure 23. The Court hereby further prohibits any additional generalized notices or communications, whether by written correspondence, advertisements, Internet postings, or other media, to Class Members by the Parties about the Settlement or its terms other than as specifically authorized by this Agreement except that nothing herein shall impact Class Counsels' ability to discharge their attorney-client obligations to members of the Settlement Class.

14. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions and requirements set forth in the Notice, a timely and valid written request for exclusion postmarked no later than 21 days before the Final Approval Hearing.

15. Each request for exclusion must be personally signed by the individual Class Member; any so-called "mass" or "class" opt-outs shall not be allowed. No person shall purport to exercise any exclusion rights for any other Person, or purport to exclude any other Class Member as a group, aggregate or class involving more than one Class Member, or as an agent or

representative.  Any such purported exclusion shall be void and the Person that is the subject of the purported opt-out shall be treated as a member of the Settlement Class and be bound by the Settlement.

16. Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Approval Hearing.

17. Any Class Member who does not submit a valid and timely request for exclusion may object to the proposed Settlement, or to Class Counsel's Attorney's Fees and Costs application.  Any such Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Class Member's own expense.  Any such Class Member must file with the Court and serve on counsel for ATTM and settlement Class Counsel a written notice of intention to appear together with supporting papers, including a detailed statement of the specific objections made, no later than 21 days before the Final Approval Hearing.  Any Class Member that fails to do so shall be foreclosed from making such objection or opposition, by appeal, collateral attack, or otherwise.

18. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement.  Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any released claim against any of the released parties in any action, arbitration or proceeding in any court, arbitration forum or tribunal.

19.     Further settlement proceedings in this matter shall proceed according to the following schedule:

| EVENT | SCHEDULED DATE |
|---|---|
| Notice mailing deadline | 30 days after entry of Preliminary Approval Order |
| Parties' briefs in support of the Settlement due | 14 days prior to the deadline to opt-out or object |
| Last day for Class Members to opt-out of Settlement | 21 days prior to the Final Approval Hearing |
| Last day for objections to the Settlement to be filed with the Court | 21 days prior to the Final Approval Hearing |
| Last day to submit a Valid Claim Form | 21 days prior to the Final Approval Hearing |
| Attorney's Fees and Costs application due | 14 days prior to the deadline to opt-out or object |
| Incentive Award application due | 14 days prior to the deadline to opt-out or object |
| Parties file responses to objections, if any | 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | On the date set in paragraph 10, but no earlier than 90 days after the Notice mailing deadline |

20.     Service of all papers on counsel for the parties shall be made as follows: for settlement Class Counsel: to John Heenan, Bishop and Heenan, 1631 Zimmerman Trail, Billings, MT 59102; for Defendants:  Theodore A. Livingston, Mayer Brown LLP, 71 S. Wacker Drive, Chicago, IL 60606.

21.     In the event that a Final Approval Order and Judgment is not entered by the Court, or the Effective Date of the Settlement does not occur, or the Settlement Agreement otherwise terminates according to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever, including without limitation for any evidentiary purpose (including but not limited to class certification), in this Action or any other action.  In such event the Settlement Agreement, exhibits, attachments and all negotiations and proceedings

related thereto shall be deemed to be without prejudice to the rights of any and all of the parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

22. The Court may, for good cause, extend all of the deadlines set forth in this Order without further notice to the Settlement Class.

DATED this ___ day of _____, 2014.

By _____

Richard W. Anderson
U.S. Magistrate Court Judge