

FILED
FEB 1 1 2015
Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JOEL HAGEMAN,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC,<br><br>Defendant. | Cause No. CV **13-50-BLG-RWA**<br><br>**FINAL APPROVAL ORDER<br>and JUDGMENT** |

## I. INTRODUCTION

Before the Court is an Unopposed Motion for Final Approval of Class Settlement filed by Plaintiff Joel Hageman on January 5, 2015 (Docket No. 58), seeking final approval of the Class Action Settlement and Release ("Settlement Agreement") found at Docket No. 56-1. Defendant AT&T Mobility LLC supports the Motion (Docket No. 61). Also before the Court is an Application for Award of Attorney's Fees and Incentive Award (Docket No. 60). Having reviewed the papers, and for the reasons explained below, the Court GRANTS Plaintiff's Motion, certifies the Class and finally approves the Settlement Agreement. The Court also APPROVES the Application for Award of Attorney's Fees and Incentive Award, awards Plaintiff's counsel attorney's fees in the

1

amount of $15 million, and awards the Named Plaintiff, Joel Hageman, an incentive award of $20,000.

## II. BACKGROUND

The Named Plaintiff, Joel Hageman ("Hageman"), commenced this action on April 9, 2013. Hageman filed an amended complaint on June 5, 2013, alleging Defendant AT&T Mobility LLC ("ATTM") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by placing calls using an automated telephone dialing system or a prerecorded voice message to cellular telephones without the prior express consent of the call recipients. ATTM denies the allegations arguing the calls were lawful. After engaging in discovery, wherein ATTM produced over 40,000 pages of documents, and after the parties deposed Hageman, Hageman's expert and ATTM's corporate representative, the parties engaged in mediation on June 24, 2014, before the Honorable Morton Denlow of JAMS, an experienced mediator and former Magistrate Judge of the United States District Court for the Northern District of Illinois. At the conclusion of the mediation, the parties reached an agreement in principle, but continued to negotiate for another three months. On September 29, 2014, the parties reached the Settlement Agreement presently before the Court. The Settlement Agreement settles all claims in the above-entitled action.

On October 7, 2014, the Court granted preliminary approval of the Settlement Agreement, conditionally certified the proposed Settlement Class, designated Hageman as

the Settlement Class Representative for the Settlement Class, appointed Class Counsel, approved Kurtzman Carson Consultants LLC ("KCC") to serve as the Settlement Administrator, and approved a plan for giving notice to the Class Members. *See* Docket No. 57. The Court also set deadlines for objecting to the Settlement Agreement and for opting out of the Settlement Class. No Class Members have objected to the Settlement Agreement and no Class Members have opted out of the proposed Settlement Class.

A final approval hearing was held in Billings, Montana on February 9, 2015.

### III. NOTICE

The Class Action Fairness Act ("CAFA") requires defendants to send to the appropriate state and federal officials a copy of the complaint, notice of scheduled judicial hearings, proposed or final notifications to class members, proposed or final class settlements, any other contemporaneous agreements between the parties, any final judgments or notice of dismissal, and the names of class members if feasible. *See* 28 U.S.C. § 1715(b)(1–8). Having reviewed the Certificate of Compliance filed on February 2, 2015 (Docket No. 64), the Court is satisfied that the appropriate notices were sent.

The Court is similarly satisfied that the provisions for notice set forth in Article IV, section 3 of the Settlement Agreement and the Preliminary Approval Order were reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement Agreement, the opportunity for Settlement Class Members to exclude themselves from, object to, or

comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and otherwise provided due process.

## IV. CERTIFICATION OF SETTLEMENT CLASS

For certification of a settlement class, Rule 23(a) requires: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Under Rule 23(b)(3), a class action must meet two additional requirements: (1) common questions must "predominate over any questions affecting only individual members;" and (2) class resolution must be "superior to other available methods of fair and efficient adjudication of the controversy."

The Court, having considered the Settlement Agreement, finds it appropriate to certify a class for settlement purposes pursuant to Rules 23(a) and 23(b)(3). Specifically the Court finds:

1. The class consists of thousands of individuals such that joinder of all members is impracticable.

2. There are questions of law or fact common to the class.

3. The claims or defenses of Hageman, the proposed Settlement Class Representative, are typical of the claims or defenses of the class.

4. Hageman will fairly and adequately protect the interests of the class.

5. The parties have agreed to a proposed settlement on a class action basis, subject to Court approval.

6. The parties have agreed to class certification for purposes of a settlement class only such that, in the event the settlement was not completed, ATTM reserves the right to challenge the propriety of class certification.

For purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> all persons who, during the Class Period, received one or more Calls made by ATTM or an OCA[1] on behalf of ATTM on their cellular telephone, where (a) the person was not an ATTM customer at the time of the call and (b) the cellular telephone number was listed as a can-be-reached number on two or more ATTM accounts that are not related by name, address, or other

---

[1] OCA is defined in the Settlement Agreement as:

any outside collection agency or other person or entity who contacted or attempted to contact a Class Member on his or her cellular phone to collect a debt on behalf of ATTM during the Class Period, as well as any agent, affiliate, independent contractor, successor, assign, or other party acting on behalf of any such outside collection agency. The term "OCA" is limited to the following outside collection agencies: Accord Creditor Services, LLC (f/k/a Alliant Law Group), AFNI, Inc., Allied Interstate, Inc., Bureau of Collection Recovery, LLC, The CBE Group, Inc., Credit Bureau Collection Services, Inc. (d/b/a CBCS), Credit Control Services, Inc., Diversified Consultants, Inc., Enhanced Recovery Company, LLC (f/k/a Enhanced Recovery Corporation), ER Solutions, Inc. (a/k/a Convergent), EOS-CCA (a/k/a Collecto, Inc. d/b/a Collection Company of America), Franklin Collection Services, Inc., Gatestone & Co. International Inc., HOVG, LLC (d/b/a Bay Area Credit Services), I.C. System, Inc., Integrity Solution Services, Inc. (f/k/a Pinnacle Financial Group), MRS BPO, LLC, Nationwide Recovery Services, Ltd., NCO Financial Systems, Inc., Receivables Performance Management, LLC, Southwest Credit Systems, L.P., Sunrise Credit Services, Inc., and Virtuoso Sourcing Group, LLC (f/k/a First Revenue Assurance).

personal identifying information.

The parties represent that there are approximately 16,000 unique telephone numbers associated with the Settlement Class. Excluded from the Settlement Class are the following: (1) any trial judge that may preside over this case; (2) ATTM, as well as any parent, subsidiary, affiliate or control person of ATTM, and the officers, directors, agents, servants or employees of ATTM; (3) any OCA covered by the Settlement Agreement, as well as any parent, subsidiary, affiliate, or control person of such OCAs and the officers, directors, agents, servants or employees of such OCAs; and (4) the immediate family of any such person(s).

## V. FINAL APPROVAL OF SETTLEMENT AGREEMENT

This court may approve the Settlement Agreement after hearing and upon a finding that the Settlement Agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). A settlement under Rule 23(e) requires that the Court balance a number of factors, including: "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th

Cir.2004). The Ninth Circuit, in *Bluetooth Headset Prods. Liab. Litig.*, also discussed the need for heightened scrutiny of settlements reached prior to class certification:

> Prior to formal class certification, there is an even greater potential for a breach of fiduciary duty owed the class during settlement. Accordingly, such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair. *Hanlon*, 150 F.3d at 1026; *accord In re Gen. Motors*, 55 F.3d at 805 (courts must be "even more scrupulous than usual in approving settlements where no class has yet been formally certified"); *Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 681 (7th Cir.1987) (Posner, J.) ("[W]hen class certification is deferred, a more careful scrutiny of the fairness of the settlement is required."); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2nd Cir.1982) (Friendly, J.) (reviewing courts must employ "even more than the usual care"); *see also* MANUAL FOR COMPLEX LITIG. § 21.612 (4th ed.2004). The district court's approval order must show not only that "it has explored [the *Churchill* ] factors comprehensively," but also that the settlement is "not[ ] the product of collusion among the negotiating parties." *In re Mego Fin. Corp.*, 213 F.3d at 458.

654 F.3d at 946-47.

Here, the pre-certification Settlement Agreement contains none of the collusion signs or other conflicts of interest discussed in *Bluetooth Headset Prods. Liab. Litig.* Moreover, after having carefully considered the factors articulated in *Bluetooth Headset Prods. Liab. Litig.*, the Court finds that factor seven is not applicable, and that all other factors weigh in favor of settlement. The Settlement Agreement is fair and reasonable, and therefore, the Court approves the Settlement Agreement submitted by the parties, including the Release set forth in Article V of the Settlement Agreement.

Article III, paragraph 1.d. of the Settlement Agreement provides that "[i]f money

7

remains in the Settlement Fund after all Valid Claim Forms are paid with a Claimant Payment in the amount of five hundred dollars ($500) per Call, the Settlement Administrator shall distribute the remaining value from the Settlement Fund to one or more nonprofit organizations mutually agreed upon by the Parties and approved by the Court." Counsel anticipate that approximately $5 million will be paid to such charities. Counsel have agreed that Cell Phones for Soldiers, National Math + Science Initiative, BUILD and CFY (Computers for Youth) are charitable organizations that have a nexus to this case and that such charitable organizations should receive any payments per Article III, paragraph 1.d. In accordance with the Settlement Agreement, the Court approves such charitable organizations.

## VI. ATTORNEYS' FEES

The Settlement Class in this litigation is represented by three attorneys; John Heenan of Bishop & Heenan, Keith J. Keogh of Keogh Law LTD, and Benjamin R. Bingham of Bingham & Lea PC. Class Counsel undertook this litigation on a contingency fee basis. Class Counsel represent that under the Settlement Agreement, Class Members will receive the full amount allowed under the TCPA for their claims. Class Counsel request an assessment of fees in the amount of $15 million, or one-third of the common fund recovery. Class Counsel's request for fees includes reimbursement for all costs and expenses advanced by Class Counsel. Class Counsel's request for attorneys' fees is unopposed.

The award of fees sought in this case is permitted under the common fund exception to the American Rule. *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003). Courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount. *See Staton*, 372 F.3d at 963–64.

In their Application, Class Counsel assert that the Settlement Agreement will result in "the largest recovery per class member in the 25 year history of the [TCPA]," with individual class members receiving up to $500 per call made. Application, docket no. 60, p.2. Upon review of the instant Application and the record, given the extraordinary results achieved on behalf of the Settlement Class, the risk to the Settlement Class of continued litigation, the skill and expertise demonstrated by Class Counsel, and in the absence of any objection after notice, this Court finds that the requested fees of $15 million are for reasonable and necessary services performed by Class Counsel. The application for fees is thus approved.

## VII. INCENTIVE AWARD

"[N]amed plaintiffs, as opposed to designated class members who are not named plaintiffs, are eligible for reasonable incentive payments." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir.2003). In determining the appropriateness of incentive awards, relevant factors for a district court to consider "includ[e] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those

actions ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation." *Id.* (internal quotations omitted). Once again, because of the extraordinary results achieved on behalf of the Settlement Class, the Court finds that Hageman's requested incentive award of $20,000 is fair, reasonable and appropriate.

For the reasons discussed above,

IT IS ORDERED, ADJUDGED and DECREED:

1. The Court has jurisdiction over the subject matter of this Action, Hageman, all Class Members and ATTM.

2. The Court finds for purposes of the settlement only that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Hageman are typical of the claims of the class he seeks to represent; (d) Hageman and his counsel have and will fairly and adequately represent the interests of the class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies Case No. CV-13-50-BLG-RWA for settlement purposes only as a class action on behalf of members of the Settlement Class, as defined earlier in this Final Approval Order and Judgment.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Hageman as the Settlement Class Representative for settlement purposes only and appoints Hageman's counsel as class counsel for such purposes.

5. Notice of the pendency of Case No. CV-13-50-BLG-RWA as a proposed class action and of the proposed Settlement Agreement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the pendency of the action as a proposed class action and of the terms and conditions of the Settlement Agreement meet the requirements of due process, Federal Rule of Civil Procedure 23 and other applicable law, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement Class, which will be bound by this Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

7. The Settlement Agreement is not an admission by ATTM of, and this Final Approval Order and Judgment is not a finding of, the validity of any allegations or claims in the Actions or of any wrongdoing by ATTM.

Neither this Final Approval Order and Judgment, nor the Settlement Agreement is or may be construed as or may be used as an admission by or against any of the Released Persons of any fault, wrongdoing or liability whatsoever, and neither this Final Approval Order and Judgment, nor the Settlement Agreement, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of the Released Persons in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Final Approval Order and Judgment or Settlement Agreement. Neither this Final Approval Order and Judgment, nor the Settlement Agreement nor any document referred to therein, nor any action taken to carry out the Settlement Agreement, is or may be construed as or received in evidence as an admission, concession or presumption against the Named Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses asserted by ATTM have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

8. The Court hereby approves the Settlement Agreement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate to

the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

9. All persons who have not made their objections to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

10. Within the time period set forth in Article III, section 3 of the Settlement Agreement, the cash distributions provided for in the Settlement Agreement shall be paid to the various Settlement Class members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

11. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order and Judgment, have fully, finally and forever released, relinquished and discharged ATTM and all OCAs from all claims that were or could have been asserted in the Action, as specified in Article V of the Settlement Agreement, provided upon the agreement of the parties that there is deleted

and removed from Art. V, §1 of the Settlement Agreement the following language: "including the government in the capacity as *parens patriae*."

12. All members of the Settlement Class who did not validly and timely opt-out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

13. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the Calls.

14. The application for a common fund fee assessment for Class Counsel is approved in the amount of $15,000,000.00, all to be recovered by Class

       Counsel out of the common fund of $45 million obtained for the Class.

15.    Class Counsel's application for an Incentive Award for Hageman in the amount of $20,000 is approved. Such amount shall be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

16.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement, including enforcement and administration of the Settlement Agreement.

Dated this __11__ day of February, 2015.

                             RICHARD W. ANDERSON
                             UNITED STATES MAGISTRATE JUDGE